IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON NELSON, #S10306,  Plaintiff,  v.  M. SIDDIQUI, JACQUELINE LASHBROOK, RYAN SUTTERER, KELLY PIERCE, LARISSA WANDRO, and WEXFORD HEALTH SERVICES INC.,  Defendants. | Case No. 20-cv-00429-RJD |

## MEMORANDUM AND ORDER

**MAGISTRATE JUDGE REONA J. DALY:**

Plaintiff Brandon Nelson, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Nelson claims that Defendants have denied him adequate medical treatment for his eye condition. He seeks monetary damages.[1]

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[2] Under Section 1915A, any portion of a complaint that is legally

---

[1] Nelson has filed a motion stating he did not sign his prayer for relief and declaration under Federal Rule of Civil Procedure 11 when he submitted his Complaint. (Doc. 8). He has attached a new prayer for relief and declaration that contains his signature. While the Court considers the Complaint properly signed in accordance Rule 11, (*see* Doc. 1, p. 13), the Motion is **GRANTED.** The Clerk of Court is **DIRECTED** to file page 2 of Doc. 8 as a supplement to Doc. 1.

[2] The Court has jurisdiction to screen the Complaint in light of Nelson's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the

frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Nelson alleges the following: Around April 2016, he began complaining to medical staff and Optometrist Dr. Sutterer about severe burning eyes, blurred vision, and headaches. (Doc. 1, p. 6). Nelson saw Dr. Sutterer on June 20, 2016, and was diagnosed with keratoconus. Dr. Sutterer submitted a referral for Nelson to have a corneal evaluation. (*Id.*) The referral was approved, and Nelson saw Dr. Umana at Marion Eye Center on March 2, 2017. (*Id.* at p. 7). Dr. Umana recommended a corneal transplant and stated that Nelson needed surgery to treat his condition so that he would not lose his eyesight in both eyes. (*Id.*). Nelson had another appointment with Dr. Umana on October 12, 2017. Dr. Umana again recommended surgery. In preparation for surgery, Dr. Umana administered medications to Nelson that would prevent rejection of the corneal transplant. (*Id.* at p. 8). Nelson was never scheduled for surgery as recommended.

Nelson filed a grievance on November 7, 2017, regarding his eye pain and blurred vision and requested surgery. (*Id.* at p. 9). After reviewing the grievance, Dr. Sutterer wrote Nelson and informed him that he would not be submitted for a corneal transplant

---

exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections, Wexford, and this Court.

of his right eye because the request would be denied due to the fact that it did not meet criteria. (*Id.*; Doc. 1-1, p. 33).

On February 4, 2018, Nelson suffered from piercing pain behind his right eye that caused him to be bedridden. (*Id.* at p. 10). Additionally, his vision continued to diminish and vision headaches caused him to bump into the steel bed frames, walls, and cell bars, causing knots and swelling on his head and body. (*Id.* at pp. 8, 10).

On March 23, 2018, he was sent to a different specialist, Dr. Aylesworth, in order to receive a different opinion. (*Id.* at p. 10). Dr. Aylesworth recommended special contacts, which would not reverse his condition or improve his pain or loss of vision but would keep him in the same position. (*Id.* at pp. 4, 10). Nelson was not approved for the contact lenses. (*Id.* at p. 4). Because Nelson would be a first time contact wearer, Dr. Aylesworth recommended glasses with polycarbonate lens and for Nelson to continue care with Dr. Umana. (Doc. 1, p. 10; Doc. 1-1, p. 41). Nelson wrote a request slip to the healthcare unit on April 16, 2018, and saw Dr. Sutterer on May 3, 2018. (Doc. 1, p. 10). Nelson informed Dr. Sutterer that he was still having eye pain and headaches. Dr. Sutterer told Nelson that based on information provided from the outside hospital, he may not need contacts. (*Id.* at p. 11). Dr. Sutterer said he could only give Nelson Tylenol for his pain. (*Id.*).

On September 25, 2008, Nelson wrote an emergency grievance to Warden Lashbrook. (*Id.* at p. 11). Lashbrook determined that grievance was an emergency, and Dr. Sutterer responded that if the disease continued to progress, then as a last resort surgery may be necessary. (*Id.*).

PRELIMINARY DISMISSALS

Nelson names Grievance Officers Kelly Pierce and Larissa Wandro as defendants. According to the Complaint and attached exhibits, Pierce and Wandro recommended that Nelson's grievances be determined moot because he was being seen and treated as the medical professionals deemed appropriate. (Doc. 1-1, pp. 3, 6). These facts are not sufficient to assert liability against Pierce and Wandro under Section 1983. "Only persons who cause or participate in the violations are responsible." *George v. Smith,* 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted). Furthermore, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Id.* Therefore, the claims against Pierce and Wandro are dismissed without prejudice, and they shall be terminated as defendants.

DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following Count:

**Count 1:** Eighth Amendment claim of deliberate indifference against Siddiqui, Lashbrook, Sutterer, and Wexford for denying Nelson adequate treatment for his eye condition.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[3]

---

[3] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

To plead an Eighth Amendment deliberate indifference claim, a plaintiff must allege: (1) that he suffered from an objectively serious medical condition; and (2) that the individual defendant was deliberately indifferent to that condition. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010); *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006)). A medical condition is objectively serious if " 'a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson.' " *Lockett v. Bonson*, 937 F.3d 1016, 1023 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014)).

Nelson alleges that he has been diagnosed with keratoconus and that Defendants have provided him constitutionally inadequate treatment by failing to follow the recommended treatment options of specialists, surgery and contact lenses. As a result, he continues to experience pain and vision loss. Specifically, Nelson began complaining about his condition to Dr. Sutterer in 2016 and continued to do so through grievances, letters, and verbally during medical appointments. Nelson also informed Dr. Siddiqui, the medical director, about his treatment on at least two different occasions by sending request slips. (Doc. 1, p. 8, 10). Finally, Lashbrook was informed of his serious medical condition when Nelson submitted an emergency grievance on September 25, 2018.

The facts alleged in the Complaint sufficiently state a claim for deliberate indifference against Dr. Sutterer and Dr. Siddiqui, who were aware Nelson's condition was worsening and disregarded his complaints. *See Hayes v. Snyder,* 546 F. 3d 516, 524 (7th Cir. 2008) (stating that the plaintiff "does not need to prove that his complaints of severe pain were 'literally ignored' "); *Arnett v. Webster,* 658 F. 3d 742, 754 (7th Cir. 2001)

(ruling that a "prison physician cannot simply continue with a course of treatment that he knows is ineffective").

Count 1, however, will be dismissed as to Warden Lashbrook. Nelson states that on September 25, 2018, he wrote Lashbrook an emergency grievance. (Doc. 1, p. 11). Lashbrook determined that the grievance was an emergency and the grievance was reviewed by Grievance Officer Wandro, who contacted Dr. Sutterer. (Doc. 1-1, p. 3). Based on the information provided by Wandro and Dr. Sutterer, Lashbrook concurred in the recommendation that the grievance was moot because Nelson was being seen and receiving appropriate medical treatment. (*Id.;* Doc. 1, p. 11). Lashbrook reviewed Nelson's complaint and verified that he was receiving treatment. Lashbrook's "failure to take further action once [she] had referred the matter to" the grievance officer and medical professionals for further investigation cannot be "viewed as deliberate indifference." *Greeno v. Daley,* 414 F. 3d 645, 655-56 (7th Cir. 2005). Accordingly, Count 1 is dismissed against Lashbrook.

As for Wexford Health Services Inc. ("Wexford"), a corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation. *See Woodward v. Corr. Med. Serv. of Ill., Inc.,* 368 F.3d 917, 927 (7th Cir. 2004). Nelson alleges that Dr. Sutterer refused to submit the surgery for approval because he knew that Wexford, the medical provider, would deny the request for not meeting the required criteria. (Doc. 1, p. 5). This criteria for receiving surgery requires an emergency to occur, such as Nelson going blind, before providing necessary medical care. (*Id.* at pp. 5, 10). These allegations are sufficient for Count 1 to proceed against Wexford for having a

policy of denying surgeries unless it is a medical emergency.

## MOTION FOR RECRUITMENT OF COUNSEL

Nelson has filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED**.[4] Nelson does not provide any information regarding attempts to recruit counsel on his own or whether he has been effectively precluded from doing so. Because he has not made this showing, the Court finds that Nelson has not made a reasonable attempt to find counsel. Should Nelson choose to move for recruitment of counsel at a later date, the Court directs Nelson to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

## DISPOSITION

**IT IS HEREBY ORDERED** that the Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNT 1** shall proceed against **Sutterer**, **Siddiqui,** and **Wexford** and is **DISMISSED** as to **Lashbrook.** The claims against **Pierce** and **Wandro** are **DISMISSED without prejudice**. **Lashbrook, Pierce,** and **Wandro** are **DISMISSED** from this action, and the Clerk of Court is **DIRECTED** to terminate them as defendants.

The Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**. The Motion to Add Name (Doc. 8) is **GRANTED**. The Clerk of Court is **DIRECTED** to file page 2 of Doc. 8 as a supplement to Doc. 1.

---

[4] In evaluating the Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

The Clerk of Court shall prepare for **Siddiqui, Sutterer,** and **Wexford**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment as identified by Nelson. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by Nelson, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Because this suit addresses medical claims, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Nelson, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even

though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Nelson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   January 11, 2021

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.