# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRANDON NELSON, #S10306,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No.   20-cv-429-RJD |
| | ) |
| **MOHAMMED SIDDIQUI, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 48).  Plaintiff is an inmate within the Illinois Department of Corrections ("IDOC") and filed this case *pro se* and *in forma pauperis* pursuant to 42 U.S.C. §1983, alleging that Defendants violated his Eighth Amendment rights at Lawrence Correctional Center ("Lawrence).   Following the Court's threshold review conducted pursuant to 28 U.S.C. §1915A, Plaintiff's case proceeded against Defendants Mohammed Siddiqui and Ryan Sutterer (both doctors who treat inmates at Lawrence) and Wexford Health Sources, Inc. (a company that contracts with the IDOC to provide healthcare to inmates).  The Court subsequently recruited counsel to represent Plaintiff, and counsel requests leave to file Plaintiff's First Amended Complaint.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires."  The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits

and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence."). The court may deny a party leave to amend if the proposed pleading is futile. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

In his proposed First Amended Complaint, Plaintiff includes two claims against Wexford Health Sources, Inc. ("Wexford"). Count II is a *Monell* claim in which Plaintiff alleges that a Wexford policy caused the deprivation of his Eighth Amendment rights. *See Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014); *see also Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978). Plaintiff is currently proceeding against Wexford on a *Monell* claim as alleged in his original complaint (Doc. 14). In addition to the *Monell* claim, however, in his proposed amended complaint Plaintiff alleges in a separate count (Count I) that Wexford acted with deliberate indifference to Plaintiff's serious medical need. Of course, as a corporation, Wexford can only "act" through its employees. Wexford cannot be held liable under a theory of *respondeat superior* in §1983 cases. *Shields,* 746 F.3d at 789 (7th Cir. 2014). Because Count I of Plaintiff's proposed amended complaint is futile as it pertains to Wexford, Plaintiff's Motion for Leave to File First Amended Complaint is DENIED WITHOUT PREJUDICE.

This case continues to proceed against Dr. Siddiqui and Dr. Sutterer for deliberate

indifference and against Wexford as a *Monell* claim as alleged in Plaintiff's original Complaint (*see* Docs. 1 and 14). Plaintiff may renew his Motion for Leave to Amend the Complaint on or before November 15, 2022; however, for the reasons stated above, any forthcoming proposed amended complaint(s) should not contain a *respondeat superior* claim against Wexford.

**IT IS SO ORDERED.**

**DATED: November 1, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**